Smith, P. J.
The defendant had a claim for hardware and oil well supplies, furnished to Wiser Bros, who were operating an oil lease in the fore part of the year 1884. After the materials were furnished, Wiser Bros, executed a chattel mortgage on their leasehold and the well and other property upon it, and after-wards failed in business and were insolvent. Subsequently, and on the 25th of July, 1884, the plaintiff, who is an attorney at law, at Olean, wrote to the defendants a letter, in which he said: “ I represent a claim against Wiser Bros, for labor, in putting down wells on the property recently transferred to Perrin & Young. I understand that your firm have a demand for oil well supplies upon this same property to the extent of 18,000, which you are in despair of being able to enforce, which claim accrued for material furnished largely, if not wholly, since Feb. 4th, 1884. Now if that is the case and you have sufficient interest in the matter to come or send an authorized representative to my office, I will point out to you a course which any good lawyer will advise you, will result in getting your pay out of property in the hands of Perrin & Young, notwithstanding the recent transfer to them. If my advice and suggestion to you should prove of value, I shall expect you to pay, otherwise not. Think of this.”
It appears in evidence that on the receipt of that letter, the defendants sent an agent to the plaintiff, who had an interview with him, and a proceeding was commenced by the plaintiff for the collection of said claim, but the evidence was conflicting as to whether the defendants employed or authorized the plaintiff to institute such proceeding. The proceeding was begun by filing a notice under the lien law, but the defendants not having furnished the plaintiff with the items of their claim, to enable him to prepare a bill of particulars, the proceeding went no further. The plaintiff also instituted and prosecuted a like proceeding for the enforcement of a like claim in behalf of another party, which latter proceeding was determined adversely to the claimant. (Broman v. Young, 85 Hun, 173.)
On the trial of this action, the judge charged the jury that if the plaintiff was employed by the defendant, and the employment was under the proposal contained in the letter, the plaintiff cannot recover.
The appellant’s counsel contends that the charge was erroneous, inasmuch as the letter contemplated the'giving of advice merely and not the performance of services, and that for services actually rendered by the plaintiff at the employment of the defendants, he is entitled to reasonable compensation, whether the *284 services were successful or not. We do not concur in that view of the matter. The advice and suggestion referred to in the letter could not prove of value, except by leading to the collection of the defendants’ claim, and the statement that no pay would be expected unless they proved of value, by fair construction, applies to the services rendered in the attempt to collect, as well as the advice that such attempt be made.
There is no appeal from the order denying the motion for a new trial. The question above considered is the only one raised by exception.
The judgment should be affirmed.
Babees, & Bradley, JJ., concur; Haight, J., not sitting.
Affirmed.